**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA CONVERSE, | : | |
| Petitioner, | : | CIVIL NO. 1:CV-11-2032 |
| v. | : | (Rambo, D.J.) |
| | : | (Mannion, M.J.) |
| WARDEN EBBERT, | : | |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**[1]

**I. Background and Procedural History.**

On November 1, 2011, the petitioner Joshua Converse filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner filed a motion for leave to proceed *in forma pauperis* which was denied by the Court. (Doc. 2, 5). Petitioner paid the filing fee and named as respondent Warden Ebbert, Warden of the United States Penitentiary in White Deer, PA. ("USP Allenwood"). (Doc. 1).

The Court issued an Order to Show Cause on December 14, 2011 and directed the respondent to answer the petition. (Doc. 10). After an

---

1. For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

1

extension of time was granted, on January 12, 2012, the respondent filed a response to the petition with supporting exhibits. (Doc. 15).

The petitioner's allegations in the petition for habeas relief stem from a disciplinary hearing held on May 5, 2011 in which the petitioner was found guilty of committing the prohibited act of "Giving Money or Anything of Value to, or Accepting Money or Anything of Value from, Another Inmate or Any Other Person Without Staff Authorization, in violation of Code 328." (Doc. 15, Ex. E). As a result, the petitioner was sanctioned 15 days of disciplinary segregation time, 13 days disallowance of good conduct time, 30 days of non-vested good conduct time, six months loss of visiting privileges, six months loss of telephone privileges and lastly, six months loss of Trulincs (computer communication with family) privileges. (Doc. 15, Ex. E at pp. 2-3.).

For the reasons set forth below, it is recommended that the petition for writ of Habeas Corpus be **DENIED**.

**II. Claims in Petition for Writ of Habeas Corpus**.

In the instant petition for habeas relief, the petitioner argues that he was deprived of his right to due process when he was found guilty of "Giving Money or Anything of Value to, or Accepting Money or Anything of Value from, Another Inmate or Any Other Person Without Staff Authorization, in violation of Code 328."

On May 6, 2011 Discipline Hearing Officer ("DHO") K. Bittenbender presided over a disciplinary hearing concerning an incident report that the petitioner received on April 27, 2011 while he was confined at USP Allenwood in Pennsylvania. (Doc. 15, Ex. B). The report charged the petitioner with a violation of "Code 328 for "giving/receiving money or anything of value to/from: another inmate or any person without staff authorization." *Id*.

The petitioner was given advance written notice of the charges against him and was advised of his right to remain silent, which he acknowledged in writing. (Doc. 15, Ex. C). The petitioner did not make a statement and did not call any witnesses to testify on his behalf and the incident report was ultimately referred to the Unit Disciplinary Committee ("UDC"). *Id*.

On April 27, 2011, a UDC hearing was held but the petitioner refused to make a statement. (Doc. 15, Ex. B).

The incident was then referred to the DHO because the sanctions for the prohibited acts which the petitioner allegedly committed exceeded those that the UDC had authority to sanction. (Doc. 15, Ex. B). See 28 C.F.R. §§541.15-17. The UDC recommended as sanctions the following: the loss of good conduct time, the loss of Trulincs and the loss of phone communication. (Doc. 15, Ex. B). The petitioner was provided with a copy of his rights at the discipline hearing, (Doc. 15, Ex. C). The petitioner signed the document acknowledging his rights. *Id*.

3

On May 5, 2011, the petitioner appeared before DHO Bittenbender. (Doc. 15, Ex. E). The petitioner acknowledged that he received a copy of the incident report and that he understood his rights. (Doc. 15, Ex. E). The DHO noted that the petitioner had waived his rights to obtain a staff representative or to call any witnesses on his behalf. *Id*.

At the onset of the hearing, the petitioner stated, "I've been here for 2½ years and he (Lopez) used to be here several months ago." *Id*. The petitioner further stated, "I have been corresponding with his brother and I used to help him (Inmate Lopez) when he was here with his legal work and I'm not disputing the charge and I know I didn't have authorization to get the money but I didn't know he was sending me money." *Id*. The DHO noted that no procedural issues were cited and no documentary evidence was provided for consideration, evidence was verbally provided and the petitioner was advised to make any formal requests for documents to the central office. *Id*.

Upon questioning by the DHO, the Petitioner did not admit or deny the charge, but further stated that he was not disputing the charge. *Id*.

The evidentiary information that the DHO documented included an incident report provided by correctional officer, S. Felix, who documented that he was reviewing the inmate mail to be sent out of the institution and opened an envelope addressed to Oscar Lopez. *Id*. The envelope contained legal work for Lopez which upon further investigation appeared to be completed by the petitioner. *Id*. Lopez used third party mail to put money into petitioner's account.

*Id*. Felix further corroborated the evidence with a letter signed by petitioner in which he stated, "I expect the balance to be sent to me within two weeks. Since I didn't have to make all those darn copies (smile) just send 25 not 50." (Doc. 15, Ex. D.) This was further corroborated by the money deposit report dated April 11, 2011 signed by the petitioner which indicated that he received $50.00 from Marquez who lived at the same address as Lopez in Las Cruces, New Mexico. *Id*.

In the instant petition for habeas relief, the petitioner alleges that he was deprived of due process because the government alleges that he violated Rule 328 when he received money from an inmate. (Doc. 1). The Petitioner contends that an inmate is defined as "a person confined, or kept in an institution, or prison." *Id*. The Petitioner further contends that the DHO failed to acknowledge that Lopez completed his sentence six months prior to sending him the money and resided in Mexico. *Id*.

As relief, the petitioner requests the Federal Bureau of Prisons ("F.B.O.P.") forward copies of documents to support his claim: a) a copy of the original money order; b) a copy of Lopez's deportation order, and the actual date he left the country; and a copy of FCI Allenwood's inmate roster that does not include Lopez as a current inmate. *Id*. The Petitioner further requests that Warden Ebbert be ordered to restore the forty three days of good time (vested and non-vested), expunge the offense record with prejudice and grant any and

all relief this Honorable Court deems just and equitable. *Id*.

**III. Discussion.**

The record establishes that the petitioner was afforded the requisite due process protections and that the DHO relied upon ample evidence of guilt. In *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), the Supreme Court identified the minimum procedural due process rights to be afforded a prisoner accused of misconduct which may result in loss of good conduct time. These include: (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67; *Redding v. Holt*, 2007 WL 2155543, *6 (M.D. Pa. 2007). The right to have the opportunity to bring witnesses and evidence before the hearing is limited to situations where allowing this will not be "unduly hazardous to institutional safety or correctional goals." *Id*. at 566. The court recognizes the importance of protecting prison officials' discretion to keep hearings reasonable by disallowing witnesses or limiting inmate's access to collect statements or compile other evidence. *Id*.

In the present case, it is clear that the petitioner was afforded all the rights set forth in Wolff and the DHO's findings were supported by the requisite "some evidence" standard. *See Superintendent v. Hill*, 472 U.S. 455, 456-457 (1985) (requiring a DHO's decision to be supported by "some evidence" on the record); *Young v. Kann*, 926 F.2d 1396, 1402-1403 (3d Cir. 1991) (applying the *Hill* standard to a federal prisoner due process challenges to prison disciplinary proceedings).

Here, the petitioner received written notice of the charges against him more than 24 hours before his disciplinary hearing. He appeared before an impartial hearing body and was afforded the opportunity to present witnesses and documentary evidence, but declined to do so. The petitioner was afforded the opportunity to have a staff representative at the hearing but chose not to do so. The petitioner was provided with a written statement of the evidence relied upon in reaching the decision. The DHO clearly articulated each source of evidence relied upon in making the decision. The petitioner was advised of his right to appeal and he received a copy of the DHO report.

The DHO found no due process or procedural violations in his disciplinary hearing. Moreover, there was more than "some evidence" which supports the DHO's conclusion. Thus, there is no indication that the petitioner's due process rights were violated.

The Petitioner alleges that the money he received was not from anyone who is currently incarcerated or any way under the authority of the

7

United States. (Doc. 1). However, the DHO's incident report clearly indicates that in addition to the petitioner receiving money from another inmate in violation of Rule 328, the evidence indicated that petitioner solicited the services with a financial obligation which also violates the BOP policy. (Doc. 15, Ex. E).

The DHO clearly indicated in the report the evidence relied on in making the determination. *Id*. The evidentiary information that the DHO documented included an incident report provided by correctional officer, S. Felix, who documented that he was reviewing the inmate mail to be sent out of the institution and opened an envelope addressed to Oscar Lopez. *Id*. The envelope contained legal work for Lopez which upon further investigation appeared to be completed by petitioner. *Id*. Lopez used third party mail to put money into petitioner's account. *Id*. Felix further corroborated the evidence with a letter signed by petitioner in which he stated, "I expect the balance to be sent to me within two weeks. Since I didn't have to make all those darn copies (smile) just send 25 not 50." (Doc. 15, Ex. D.) This was further corroborated by the money deposit report dated April 11, 2011 signed by the petitioner which indicated that he received $50.00 from Marquez who lived at the same address as Lopez in Las Cruces, New Mexico. *Id.*

Although the petitioner clearly stated, "...I'm not disputing the charge and I know I didn't have the authorization to get the money," which the DHO indicated in the report, the DHO outlined the documentary evidence received

and did not deprive the petitioner of his due process rights because of the existence of credible evidence which the DHO relied upon.

In light of the foregoing, the petitioner received his procedural or substantive due process rights and his finding of guilt was properly supported by more than "some evidence."

### IV.     Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT:**

**(1)**   the petition for writ of habeas corpus, **(Doc. 1)**, be **DENIED**.

**(2)**   the petitioner's motion to expedite (**Doc. 17**) be **DISMISSED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: March 2, 2012**
O:\shared\REPORTS\2011 Reports\11-2032-01.wpd